UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KIMBERLY SALERNO.,

    Plaintiff,

v.                                                    15-CV-516 (JLS)

CREDIT ONE BANK, N.A.,

    Defendant.

---

## DECISION AND ORDER

On June 11, 2015, Plaintiff Kimberly Salerno commenced this action alleging violations of the Telephone Consumer Protection Act ("TCPA"). Dkt. 1. Defendant Credit One Bank (hereinafter "Credit One") moved to compel arbitration pursuant to the Cardholder Agreement and to stay further proceedings pending the arbitration, which was granted by this Court[1] on October 29, 2015. Dkt. 21. After a final arbitration decision on September 21, 2018, which awarded Plaintiff $232,500 in statutory damages, Credit One moved in this Court on December 21, 2018 to vacate the arbitration award. Dkt. 29. On January 4, 2019, this Court referred this case to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Dkt. 31. Salerno cross-moved on January 11, 2019

---

[1] This case was originally assigned to Judge John T. Curtin, then reassigned to Judge Lawrence J. Vilardo, who made the referral to Magistrate Judge Foschio. Dkts. 22, 31. On May 5, 2020, the case was reassigned to Judge John L. Sinatra, Jr. Dkt. 47.

to confirm the arbitrator's award, as well as to request post-award, prejudgment interest. Dkt. 35.

On March 31, 2020, Judge Foschio issued a combined decision and order and Report and Recommendation ("R&R") recommending that Credit One's motion to vacate the arbitration award (Dkt. 29) be denied; Salerno's cross-motion to confirm the award (Dkt. 35) be granted; and Salerno's motion for post-award prejudgment interest (Dkt. 35) be granted. Dkt. 44, at 33. Judge Foschio also denied Credit One's motion to seal (Dkt. 30) and dismissed Salerno's cross-motion for judgment on the pleadings (Dkt. 35) as redundant. Dkt. 44, at 33.

For the reasons stated below, this Court accepts and adopts the R&R—with the exception of the recommendation to grant Salerno's motion for post-award prejudgment interest, which is denied.

## BACKGROUND

This Court will assume the parties' familiarity with the facts, outlined in detail in Judge Foschio's R&R (Dkt. 44), and will summarize the procedural history of this case briefly.

On June 11, 2015, Plaintiff Kimberly Salerno filed a complaint alleging Defendant Credit One Bank violated the TCPA, 47 U.S.C. § 227. Dkt. 1. In her amended complaint, filed on June 30, 2015, Salerno asserted TCPA claims against Credit One: in sum, Credit One attempted to contact Salerno on her cellphone—a number she claims she never provided to Credit One—in connection to money that

Salerno's boyfriend owed Credit One on his own separate account. *See generally* Dkt. 3.

Defendant Credit One Bank answered on July 23, 2015. Dkt. 7. Credit One later moved to compel arbitration under the Federal Arbitration Act, 9 U.S.C. §§ 2-4, and to stay proceedings pending the arbitration. Dkt. 9. Judge Curtin granted this motion in a decision and order filed October 29, 2015. Dkt. 21.

The parties initiated arbitration. After a hearing, Arbitrator James C. Moore concluded that Credit One had violated the TCPA by making 466 telephone calls to Salerno's cellphone without her express prior consent and using an automatic telephone dialing system. Dkt. 34-2, at 8-9; Dkt. 44, at 3. The Arbitrator awarded her $500 in damages for each call, for a total award of $233,000. Dkt. 34-2, at 9; Dkt. 44, at 3. Credit One then requested a second *de novo* arbitration before a three-member panel. In a decision dated September 21, 2018, the panel awarded Salerno $232,500 in statutory damages for 465 calls made without her express prior consent. Dkt. 34-3, at 1-2; Dkt. 44, at 4.

On December 21, 2018, Credit One moved to vacate the Arbitrators' Award pursuant to the Federal Arbitration Act, 9 U.S.C. § 10, as well as to seal numerous documents concerning the arbitration. Dkts. 29-30. On January 11, 2019, Salerno cross-moved to confirm the Arbitrators' Award pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, for judgment on the pleadings under Fed. R. Civ. P. 12(c), and for post-award prejudgment interest. Dkt. 35. Briefing on these motions was completed on February 1, 2019. Dkt. 37.

On March 31, 2020, Judge Foschio issued a combined decision and order and R&R. Judge Foschio recommended denying Credit One's motion to vacate the arbitration award (Dkt. 29); granting Salerno's cross-motion to confirm the arbitration award (Dkt. 35); and granting Salerno's motion for post-award prejudgment interest (Dkt. 35). Dkt. 44, at 33. Judge Foschio also ordered Plaintiff's cross-motion for judgment on the pleadings (Dkt. 35) dismissed as redundant and denied Defendant's motion to seal (Dkt. 30).

On April 15, 2020, Credit One Bank filed objections to the R&R, arguing that Judge Foschio erred in concluding that the Panel had not manifestly disregarded controlling Second Circuit law. Dkt. 45, at 3. Credit One also asked the court for a stay pending the Supreme Court's decision on *Barr v. American Ass'n of Political Consultants, Inc.*, a case addressing the constitutionality of Section 227(b) of the TCPA. Dkt. 45, at 1-2. Salerno responded to the objections on April 29, 2020, Dkt. 46, and Credit One replied on May 6, 2020, Dkt. 48. On July 7, 2020, Salerno moved to cite additional authority in opposition to Credit One's objections, on the basis that the Supreme Court had issued a decision in *Barr* and determined the TCPA was not unconstitutional. Dkt. 49-1. By text order on July 9, 2020, this Court denied Salerno's motion (Dkt. 49) as moot in light of its awareness of the decision. Dkt. 50.

## **DISCUSSION**

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district

4

court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which objection is made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully reviewed the thorough R&R, the record in this case, the objections and response, and the materials submitted by the parties. Based on that *de novo* review, the Court accepts and adopts the R&R with one exception—the Court declines to adopt the recommendation to award Salerno post-award prejudgment interest.

## I. PLAINTIFF'S REQUEST FOR PREJUDGMENT INTEREST

A district court may order prejudgment interest, in its discretion, "to ensure that a plaintiff is fully compensated or to meet the 'remedial purpose of the statute involved.'" *Doe v. East Lyme Bd. of Educ.*, 962 F.3d 649, 662 (2d Cir. 2020) (quoting *Wickham Contracting Co., Inc. v. Local Union No. 3, Int'l Bhd of Elec. Workers, AFL-CIO*, 955 F.2d 831, 833-34 (2d Cir. 1992)). In the context of arbitration award confirmations, there is a general presumption in favor of post-award prejudgment interest. *See In re Arbitration Between Westchester Fire Ins. Co. v. Massamont Ins. Agency, Inc.*, 420 F. Supp. 2d 223, 226 (S.D.N.Y. 2005) (citing *In re Waterside Ocean Navigation Co. v. Int'l Navigation, Ltd.*, 737 F.2d 150, 153-54 (2d Cir. 1984)). Overall, courts consider awarding prejudgment interest "if doing so would be 'fair, equitable and necessary to compensate the wronged party fully.'" *Three Bros. Trading, LLC v. Generex Biotechnology Corp.*, 18 Civ. 11585 (KPF), 2020 WL 1974243, at *13 (S.D.N.Y. Apr. 24, 2020) (quoting *Wickham*, 955 F.2d at 835)).

Pursuant to the arbitration award, Salerno is entitled to statutory damages in the amount of $500 per transmission, for a total of $232,500. *See* Dkt. 34-3, at 1-2. Because the TCPA allows for statutory damages that exceed actual damages, this Court declines to award prejudgment interest in this case. *See Imhoff Inv., LLC v. SamMichaels, Inc.*, No. 10-10996, 2014 WL 172234, at *9 (E.D. Mich. Jan. 15, 2014) (prejudgment interest not warranted in TCPA case); *see also Kopff v. Roth*, No. 05-798 (JDB), 2007 WL 1748918, at *2 (D.D.C. June 15, 2007) (citing *Wickham*, 955 F.2d at 834) ("Prejudgment interest is not appropriate in this case, which involves a statutory damages remedy that far exceeds actual damages and is fundamentally punitive in nature.").

## II. CREDIT ONE'S MOTION FOR STAY

In the objections to the R&R, Credit One alternatively asked for a stay of this Court's decision on Judge Foschio's R&R pending the Supreme Court's decision in *Barr v. American Ass'n of Political Consultants, Inc.* Dkt. 45, at 1-2. Salerno opposed this request, arguing that Credit One waived this argument by not raising it in arbitration or before the magistrate judge. Dkt. 46, at 11-12.

The Court need not address this request for a stay because the Supreme Court issued its decision on July 6, 2020 and did not invalidate the TCPA as a whole. *See generally Barr v. Am. Assn of Political Consultants, Inc.*, 140 S. Ct. 2335 (2020). Thus, the request for a stay is denied as moot.

## CONCLUSION

For the reasons stated above and in the R&R, Credit One's motion to vacate the arbitration award (Dkt. 29) is DENIED; Salerno's cross-motion to confirm the award (Dkt. 35) is GRANTED; and Salerno's motion for post-award prejudgment interest (Dkt. 35) is DENIED. Pursuant to Judge Foschio's decision and order, Salerno's cross-motion for judgment on the pleadings (Dkt. 35) is DISMISSED; and Credit One's motion to seal (Dkt. 30) is DENIED. The Clerk shall enter judgment in favor of Plaintiff Salerno upon the award and shall close the case.

SO ORDERED.

Dated:    July 28, 2020
         Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE